# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BENNIE LEE-BENSON,**

    Plaintiff,

    -vs-                                                      **Case No. 15-CV-450**

**CAPTAIN ADAM GEGARIA, et al.,**

    Defendants.

# DECISION AND ORDER

Bennie Lee-Benson, a Wisconsin state prisoner, filed an action under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter is before the Court on the plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) and for screening of the plaintiff's complaint (ECF No. 1).

The Prison Litigation Reform Act gives courts discretion to allow prisoners to proceed with their lawsuits without pre-paying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. §1915. One of those requirements is that the prisoner pay an initial partial filing fee. On April 28, 2015, the Court assessed an initial partial filing fee of $56.36. (ECF No. 7.) The plaintiff paid that fee on May 6, 2015. Accordingly, the Court grants the plaintiff's motion to proceed *in forma pauperis*.

With regard to screening the plaintiff's complaint, the Court must dismiss a complaint if a prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A complaint is frivolous or malicious if it has no arguable basis in law or fact, or if the petitioner is unable to make any rational argument in law or fact that would entitle him to relief. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The Court has the authority to dismiss any claim based on an indisputably meritless legal theory and any claim whose factual contentions are clearly baseless.

To state a cognizable claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

*Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. A plaintiff must support his legal conclusions with factual allegations. *Id.* If there are well-pleaded factual allegations, courts must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that the defendant(s): 1) deprived him of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861

(7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

## The Plaintiff's Allegations

The plaintiff is currently incarcerated at Felmers O. Chaney Correctional Center; however, the events alleged in his complaint occurred while he was at Sturtevant Transitional Facility. According to the complaint, which incorporates by reference various exhibits, the plaintiff was removed from his cell on February 11, 2013, so that his cell could be searched. Officers discovered an envelope in the plaintiff's locker that contained a white substance. The substance was sent to the Racine County Drug Metro for testing on February 13, 2013.

Prior to the results coming back, defendant Gegaria notified plaintiff that the substance was positive for cocaine. The plaintiff argues that Gegaria must have been lying because there is no way that Gegaria could have known this prior to receiving the results. However, a Racine County Sheriff's report, which the plaintiff incorporates by reference into his complaint, indicates that another officer used a cocaine swab on the evidence prior to sending it for testing. The report implies the swab was also positive, which allows Gegaria's statement to be true. On February 26, 2013, the Racine County Drug Metro confirmed the substance was positive for cocaine.

- 4 -

Following the positive results, a conduct report was issued on March 14, 2013, and a hearing occurred on March 20, 2013. The plaintiff was "found guilty and given 8 days adjustment and 360 program seg, and lost [his] minimum custody . . . ." (ECF No. 1-1, at 2.) Criminal charges were filed; however, they were subsequently dismissed after the substance was sent to the Wisconsin Crime Lab and determined to be negative for cocaine. According to the plaintiff, the department of corrections then expunged the conduct report from his file.

The plaintiff filed a notice of injury and claim in Wisconsin state court on July 15, 2013, arguing that various officers and officials had knowingly falsified reports against him. Based on the Racine County Sheriff's Office investigation, the District Attorney's Office chose not to file a complaint.

The plaintiff is suing Officer Gegaria, Lisa Avila (the superintendent at Sturtevant), and John/Jane Does for falsely filing conduct reports and erroneously charging plaintiff. The plaintiff asks for monetary damages and that he be immediately released.

## Discussion

Although not expressly stated, it appears that the plaintiff is alleging that his due process rights were violated when defendant Gegaria

- 5 -

Case 2:15-cv-00450-RTR   Filed 06/23/15   Page 5 of 8   Document 9

falsely accused him of having cocaine in his locker. At this stage, the Court must assume that the plaintiff's allegations are true, but the Sheriff's report indicating that a swab was taken prior to sending the substance for testing puts the plaintiff's allegations on very shaky ground.

Regardless, even assuming (as the Court must) that defendant Gegaria did falsify a report against the plaintiff, the plaintiff's complaint still fails to state a claim. A prisoner is entitled to be free from the arbitrary actions of prison officials; however, the protections against such arbitrary actions are the procedural due process requirements set forth in *Wolf v. McDonnell*. 418 U.S. 539, 558 (1974). Specifically, a prisoner should be afforded advance written notice of the violation, a written statement of fact-finding, the right to present witnesses and present evidence where it would not be unduly hazardous to institutional safety, and an impartial decision-maker. *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984). In other words, a false statement by a prison official will not be actionable in federal court as long as a prisoner is afforded these procedural protections, which allow the prisoner a chance to defend against the improper or erroneous charges. *Id.*

The plaintiff's complaint contains almost no allegations about the procedural protections he did or did not receive. He states only that he

- 6 -

received a conduct report on March 14, 2013, and that a hearing was held on March 23, 2013. These allegations are insufficient to state a claim that the plaintiff's right to due process was violated.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's request to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS ALSO ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS ALSO ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $293.64 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C.

§1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined.

**THE COURT FURTHER CERTIFIES** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 23rd day of June, 2015.

                                        **BY THE COURT:**

                                        */s/ Rudolph T. Randa*
                                        **HON. RUDOLPH T. RANDA**
                                        **U.S. District Judge**